1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD L. SEARCY,

11              Petitioner,                    No. CIV S-10-3011 MCE EFB P

12        vs.

13   GARY SWARTHOUT,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  He challenges the California Board of Parole Hearings' 2007 finding that he was

18   unsuitable for parole, claiming that the Board's decision violated his federal right to due process

19   because it was not supported by some evidence of his current dangerousness and because he was

20   denied the opportunity to present documentation regarding his parole plans, including a relapse

21   prevention program.  *See* Dckt. No. 1.  Respondent moves to dismiss this action on the ground

22   that it is barred by the statute of limitations.  Dckt. No. 10.  Assuming the petition was timely

23   filed, however, the court finds that it must be dismissed, without leave to amend, for failure to

24   state a cognizable claim.

25   ////

26   ////

1    Under California law, a prisoner is entitled to release unless there is "some evidence" of

2    his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re*

3    *Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United States Supreme Court,

4    however, federal habeas review of a parole denial is limited to the narrow question of whether a

5    petitioner has received "fair procedures." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011).  That

6    is, a federal court may only review whether a petitioner has received a meaningful opportunity to

7    be heard and a statement of reasons why parole was denied.  *Id*. (federal due process satisfied

8    where petitioners were "allowed to speak at their parole hearings and to contest the evidence

9    against them, were afforded access to their records in advance, and were notified as to the

10   reasons why parole was denied").

11    Whether petitioner "was allowed an opportunity to be heard and was provided a

12   statement of the reasons why parole was denied" is "the beginning and the end of the federal

13   habeas courts' inquiry into whether [petitioner] received due process."  *Id.*  Thus, this court may

14   not review whether the Board correctly applied California's "some evidence" standard, or

15   whether petitioner's opportunity to be heard included not only the right to speak and to contest

16   the evidence at his hearing, but also the right to present certain documentation.  *Id.* at *2.  The

17   record reflects that petitioner was given the opportunity to be heard at his 2007 parole suitability

18   hearing and received a statement of the reasons why parole was denied.  *See* Dckt. No. 1 at 50-

19   155[1] (showing petitioner was present at the hearing, allowed to speak, and represented by an

20   attorney).  This is all that due process requires.

21    Accordingly, petitioner's claim that the Board's decision violated his right to due process

22   should be dismissed for failure to state a cognizable claim.  Further, there is no basis for

23   concluding that a tenable claim for relief could be pleaded if leave to amend were granted.  *See*

24   *James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir 2000) (pro se habeas litigants are entitled to a

25

26    [1]  For ease of reference, all references to page numbers in the petition are to those
assigned via the court's electronic filing system.

opportunity to amend  unless it clearly appears from the petition that the deficiency cannot be overcome); *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

In light of the above, the court also finds that respondent's motion to dismiss should be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be dismissed without leave to amend because petitioner has failed to state a cognizable claim and that respondent's January 21, 2011 motion to dismiss be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE